# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LARRY D. ARMACOST,                        Case No. 1:11-cv-157
     Petitioner,


                                          Beckwith, J.
vs.                                       Litkovitz, M.J.


WARDEN, LEBANON                           **REPORT AND**
CORRECTIONAL INSTITUTION,                 **RECOMMENDATION**
     Respondent.


Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon,

Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc.

4).  This matter is before the Court on respondent's motion to dismiss filed August 11, 2011,

which has not been opposed by petitioner.  (Doc. 14).[1]

## I. PROCEDURAL HISTORY

### State Trial Proceedings

In August 2007, the Clermont County, Ohio, grand jury returned an indictment charging

petitioner with four counts of felonious assault of a peace officer in violation of Ohio Rev. Code

§ 2903.11(A) and two counts of resisting arrest in violation of Ohio Rev. Code § 2921.33(C)(1).[2]

(Doc. 14, Ex. 1).  In its direct appeal decision, the Ohio Court of Appeals, Twelfth Appellate

---

[1]Also pending before the Court for ruling is petitioner's non-dispositive motion requesting the appointment of counsel. (Doc. 5). The undersigned has denied that motion in a separate order issued this date.

[2]Two police officers were involved as victims in the incident. Although the indictment contained four felonious assault charges, Counts 1 and 2 of the indictment charged petitioner with "knowingly caus[ing] serious physical harm" to the officers as set forth in Ohio Rev. Code § 2903.11(A)(1), while Counts 3 and 4 charged petitioner with "knowingly caus[ing] or attempt[ing] to cause physical harm" to the officers as set forth in Ohio Rev. Code § 2903.11(A)(2). (*See* Doc. 14, Ex. 1).

District, summarized the facts giving rise to the criminal charges as follows:[3]

> On August 15, 2007, Clermont County Sheriff's Deputies Jonathan Feldkamp and Adam Bailey were dispatched to investigate a complaint of loud noise at a home construction site in New Richmond.  The deputies entered a partially constructed home and observed Nathan Arthur and appellant.  Once the deputies ascertained appellant's identity, appellant fled from the building and the deputies pursued him.  Appellant stopped and swiped at Deputy Feldkamp with a knife, cutting his face.  Deputy Bailey lunged at appellant and appellant swiped the deputy, also cutting his face.  Eventually both deputies subdued appellant and arrested him.

(Doc. 14, Ex. 8, pp. 1-2).

The matter proceeded to trial before a jury, which found petitioner guilty as charged.  (*See* Doc. 14, Ex. 3).  A sentencing hearing was held on February 7, 2008, where defense counsel argued that Counts 1 and 3 and Counts 2 and 4 should be merged for sentencing purposes because they "basically stat[ed] the same crime in a different fashion."  (Doc. 14, Sentencing Hearing Tr. 2-3).  Defense counsel also contended that (1) the resisting arrest charges contained in Counts 5 and 6 should be merged with the felonious assault counts "as they are all part of the same act of series of occurrences;" and (2) at the very least, Counts 5 and 6 should be merged because petitioner "was only arrested one time."  (Doc. 14, Sentencing Hearing Tr. 3).  The court agreed that the felonious assaults charged in Counts 1 and 3 and in Counts 2 and 4 should be merged, but refused to merge the resisting arrest charges with each other or with the felonious assault counts.  (Doc. 14, Sentencing Hearing Tr. 16).

On February 14, 2008, the court entered a "Judgment Entry of Sentence" merging Counts

---

[3]28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

1 and 3 and Counts 2 and 4 for sentencing purposes and imposing the following consecutive

terms of imprisonment totaling twenty-three (23) years: a mandatory ten-year prison term for the

felonious assault charged in Count 1; a mandatory ten-year prison term for the felonious assault

charged in Count 2; and eighteen-month prison terms for the resisting arrest offenses charged in

Counts 5 and 6. (Doc. 14, Ex. 4).

### State Appeal Proceedings

With the assistance of new counsel for appeal purposes, petitioner timely appealed to the

Ohio Court of Appeals, Twelfth Appellate District, claiming as the sole assignment of error that

the "trial court erred in sentencing [him] on two counts of resisting arrest." (Doc. 14, Exs. 5-6).

On February 9, 2009, the Ohio Court of Appeals overruled the assignment of error and affirmed

the trial court's judgment. (Doc. 14, Exs. 8-9).

Petitioner did not pursue a timely appeal to the Ohio Supreme Court. On October 20,

2009, over eight months after the Ohio Court of Appeals issued its decision on direct appeal,

petitioner filed with the state supreme court a *pro se* notice of appeal and motion for leave to file

a delayed appeal. (Doc. 14, Exs. 10-11). Petitioner claimed as cause for his delay in filing that

his appellate counsel failed to inform him of the Ohio Court of Appeals' decision, and that he did

not receive a copy of that decision until "the last week of August 2009." (Doc. 14, Ex. 11,

"Affidavit Of Reasons For Delay"). Petitioner further averred that access to the prison law

library was limited, that the copying of legal work in the prison involved delays, and that he is

not an attorney and has only "limited resources to learn the rules and procedures required by th[e]

Court." (*Id.*).

On December 2, 2009, the Ohio Supreme Court denied petitioner's motion for delayed

3

appeal without opinion.  (Doc. 14, Ex. 12).

## Federal Habeas Corpus

The instant federal habeas corpus action commenced on March 14, 2011.  (*See* Doc. 1).

However, it is presumed that the petition was filed on February 2, 2011, the date that petitioner

claims he placed the petition "in the prison mailing system" for filing with this Court.  (*See* Doc.

4, p. 13; *see also* Doc. 1).[4]  In the petition, petitioner alleges as the sole ground for relief that the

"Double Jeopardy Clauses of the U.S. and Ohio Constitutions prohibit multiple punishments for

the same offense."  (Doc. 4, p. 5).

Respondent has filed a motion to dismiss the petition.  (Doc. 14).  Respondent contends

that the petition is subject to dismissal with prejudice because it is barred from review by the

one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. §

2244(d).  (Doc. 14, pp. 5-16).

## II.  RESPONDENT'S MOTION TO DISMISS (DOC. 14) SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

---

[4]The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's sole claim for relief. Respondent contends that the claim is governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), because it is based on an error that allegedly occurred at sentencing, which could have been discovered in the exercise of due diligence before petitioner's conviction became final by the conclusion of direct review or expiration of time for seeking such review. (Doc. 14, Brief, pp. 8-9).[5]

Petitioner's conviction became final on March 26, 2009, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' February 9, 2009 direct appeal decision. *See* Ohio S.Ct. Prac. R. 2.2(A)(1)(a). Therefore, if the § 2244(d)(1)(A) limitations provision applies here, the statute commenced running on March 27, 2009, one day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on March 27, 2010 absent

_____

[5]It is clear from the record that neither § 2244(d)(1)(C) nor § 2244(d)(1) (D) apply to the case-at-hand because (1) the specific sentencing issue regarding the merger of offenses was raised both at the sentencing hearing and on direct appeal to the Ohio Court of Appeals *before* petitioner's conviction became final (*see* Doc. 14, Sentencing Hearing Tr. & Ex. 6); and (2) petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.

application of statutory or equitable tolling principles.[6]

Petitioner has claimed that his appellate counsel failed to inform him of the outcome of his appeal and that he did not receive a copy of the state appellate court's decision until "the last week of August 2009." (*See* Doc. 14, Ex. 11, "Affidavit Of Reasons For Delay"). In cases involving the alleged ineffectiveness of trial counsel in failing to perfect or pursue an appeal requested by the petitioner, courts have held that counsel's ineffectiveness can amount to a state-created impediment to filing, which triggers the applicability of the later one-year limitations provision set forth in § 2244(d)(1)(B). *See, e.g., Waldron v. Jackson,* 348 F. Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00cv803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, J.); *see also Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003); *Batista v. Warden, Lebanon Corr. Inst.,* No. 1:08cv635, 2009 WL 3259289, at *2, *7 (S.D. Ohio Oct. 7, 2009) (Spiegel, J.; Hogan, M.J.) (and numerous cases cited therein).[7]

---

[6]Petitioner's unsuccessful motion filed in October 2009 for leave to file a delayed appeal to the Ohio Supreme Court did not restart the running of the statute under § 2244(d)(1)(A), but rather could only serve to toll the the limitations period under § 2244(d)(2). *See, e.g., Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011); *Cleveland v. Bradshaw,* 760 F. Supp.2d 751, 768 (N.D. Ohio 2011); *cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman,* 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler,* __ S.Ct. __, 2012 WL 43513, at *9-10 (U.S. January 10, 2012) (No. 10-895) (distinguishing *Jimenez,* where the Court adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").

[7]*But see Dunker v. Bissonnette,* 154 F. Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)); *Cinocco v. Smelser,* No. 10-cv-01722-BNB, 2011 WL 65084, at *4 (D. Colo. Jan. 6, 2011) (same); *Rith v. Clark,* No. 1:10-cv-0797 SMS HC, 2010 WL 3582591, at *3 (E.D. Cal. Sept. 10, 2010) (and cases cited therein) (same); *Hill v. Mullin,* No. CIV-09-1003-F, 2010 WL 446584, at *2 & n.8 (W.D. Okla. Feb. 1, 2010) (and cases cited therein) (same); *O'Neal v. South Carolina,* Civ. Act. No. 9:08-587-HFF-BM, 2008 WL 4960423, at *3 (D.S.C. Nov. 20, 2008) (following *Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd on other grounds,* 549 U.S. 327 (2007), in holding that "the actions of a criminal defense attorney . . . are not state action" within the meaning of § 2244(d)(1)(B)), *appeal dismissed,* 328 F. App'x 283 (4th Cir. 2009).

Furthermore, the Sixth Circuit has held that the constitutional right to the effective assistance of counsel, which extends to a direct appeal as of right, *see Murray v. Carrier*, 477 U.S. 478, 488-89 (1986), does "not terminate the moment the court of appeals hands down its decision," but extends to include the duty of informing one's client of the outcome of the appeal. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433-35 (6th Cir. 2006). Therefore, an argument can be made that the provision set forth in § 2244(d)(1)(B) applies to delay the start of the one-year limitations period in this case because of appellate counsel's ineffectiveness in failing to timely inform petitioner of the appeal result.

However, any such impediment to filing was removed at the latest during the "last week of August 2009," when petitioner averred that he received a copy of the Ohio Court of Appeals' February 9, 2009 decision affirming the trial court's judgment. Therefore, even if § 2244(d)(1)(B) applies to delay the limitations period, the statute would have begun to run at the latest at the end of August 2009 and expired one year later absent statutory and equitable tolling principles. Accordingly, to the extent that it can be argued that § 2244(d)(1)(B) governs petitioner's claim for relief, petitioner still faces a statute-of-limitations bar to review. *Cf. Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173, at *5 (N.D. Ohio Nov. 30, 2007) (holding that § 2244(d)(1)(B) was inapplicable in a case where the petitioner failed to file his federal habeas corpus petition within one year after the alleged state impediment was removed).

During the one-year limitations period commencing at the latest in August 2009, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen*

7

*v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

Here, the undersigned assumes in petitioner's favor that the statute of limitations was tolled on October 20, 2009, approximately 50 days after it began to run under § 2244(d)(1)(B), when petitioner filed his motion for leave to file a delayed appeal with the Ohio Supreme Court. (*See* Doc. 14, Ex. 6). The statute recommenced running on December 3, 2009, one day after the Ohio Supreme Court denied petitioner's delayed appeal motion. (*See* Doc. 14, Ex. 12). Because petitioner did not file any more applications for state post-conviction relief or other collateral review, the limitations period was not further extended under § 2244(d)(2) and expired 315 days later on October 14, 2010.

Accordingly, in sum, the undersigned concludes that the instant petition filed on February 2, 2011, long after the expiration of even the most favorable limitations period, is time-barred unless petitioner is entitled to equitable tolling. The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he

8

establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* __ F. App'x __, No. 10-1379, 2012 WL 48186, at *2 n.1 (6th Cir. Jan. 9, 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case.  First, petitioner has not shown that he has been diligent in pursuing his rights.  He failed to promptly file a motion for delayed appeal with the Ohio Supreme Court after he obtained a copy of the intermediate appellate court's decision.  Most importantly, petitioner's lengthy delay in filing the instant action, well over a year after the Ohio Supreme Court denied his delayed appeal motion, conclusively demonstrates that he has not acted with reasonable diligence in pursuing his rights.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner.  Petitioner's *pro se* status, as well as his claims of limited library access and delays in copying legal materials, do not constitute extraordinary circumstances sufficient to excuse the statute-of-limitations bar to review.  *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case

where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

Accordingly, in sum, the undersigned concludes that the instant petition, which petitioner states was placed in the prison mailing system on February 2, 2011 (*see* Doc. 4, p. 13), is time-barred. At the very latest, the statute of limitations began to run at the end of August 2009, when petitioner claims that he first received a copy of the Ohio Court of Appeals' direct appeal decision. Assuming in petitioner's favor that the statute was tolled during the pendency of his motion for delayed appeal in the Ohio Supreme Court, the limitations period expired at the latest in October 2010. Equitable tolling principles do not apply to extend the limitations period in this case. Therefore, respondent's motion to dismiss (Doc. 14) should be **GRANTED**, and the instant habeas corpus petition (Doc. 4), filed long after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 14) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to the sole ground for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether

10

the Court is correct in its procedural ruling.[8]

      3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 1/26/12
cbc

Karen L. Litkovitz
United States Magistrate Judge

---

    [8]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred ground for relief.  *See Slack,* 529 U.S. at 484.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LARRY D. ARMACOST,                          Case No. 1:11-cv-157
      Petitioner,

                                  Beckwith, J.
      vs                                    Litkovitz, M.J.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,
      Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Larry D Armacost
A569-746
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☑ Agent
☐ Addressee

B. Received by (*Printed Name*)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
(*Transfer from service label*)   7003 2260 0002 6723 4439

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540